IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 13-13152 |
| | ) | |
| CHRISTIAN BANACH, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date:  June 15, 2017 |
| | ) | Hearing Time:  10:30 a.m. |
| | ) | Room No.:       742 |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **June 15, 2017**, at **10:30 a.m.**, we shall appear before the Honorable Carol A. Doyle, or such other judge as may be sitting in her stead, in Courtroom 742 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached **First and Final Application of Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of CHRISTIAN BANACH for Compensation and Reimbursement of Expenses of Her Counsel, FrankGecker LLP,** a copy of which is attached hereto and hereby served upon you.

Dated:  May 15, 2017

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of CHRISTIAN BANACH,

By:  /s/     *Micah R. Krohn*
One of Her Attorneys

Micah R. Krohn (ARDC No. 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
mkrohn@fgllp.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 13-13152 |
| | ) | |
| CHRISTIAN BANACH, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: June 15, 2017 |
| | ) | Hearing Time: 10:30 a.m. |
| | ) | Room No.: 742 |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF
FRANKGECKER LLP, COUNSEL TO FRANCES GECKER,
CHAPTER 7 TRUSTEE OF THE ESTATE OF CHRISTIAN BANACH**

| | |
|---|---|
| Name of Applicant: | FrankGecker LLP |
| Authorized to Provide Professional Services to: | Frances Gecker, solely as Chapter 7 Trustee of Christian Banach |
| Date of Retention: | June 20, 2013 retroactive to May 31, 2013 |
| Period for Which Compensation is Sought: | May 31, 2013 through April 30, 2017 |
| Amount of Fees Sought: | $    $11,728.50 |
| Amount of Expense Reimbursement Sought: | $        67.88 |
| This is a: | First and Final Fee Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CHRISTIAN BANACH, | ) | No. 13-13152 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP,
COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE
OF THE BANKRUPTCY ESTATE OF CHRISTIAN BANACH**

FrankGecker, LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Christian Banach (the "Debtor"), hereby submits this first and final fee application (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330 for legal services performed and expenses incurred as the Trustee's attorneys during the period commencing May 31, 2013 through and including April 30, 2017 (the "Application Period"). In support hereof, FG respectfully represents as follows:

**INTRODUCTION**

1. On March 29, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code. On June 20, 2013, the Court entered order authorizing the Trustee to employ the firm of FrankGecker LLP ("FG") as her attorneys retroactive to May 31, 2013 [Dkt. No. 28].

2. Among other assets, the Debtor scheduled an "Unfiled personal injury claim against Softball Chicago" in an unknown amount. Prior to the Petition Date, the Debtor had retained Jared Rapp, on a one-third contingency fee basis, as his attorney related to personal injuries the Debtor sustained on or about July 31, 2011 while playing softball in Chicago, Illinois (the "Accident"). Mr. Rapp commenced a personal injury lawsuit on behalf of the Debtor, arising from the Accident,

in the Circuit Court of Cook County, Illinois, Law Division, known as *Banach v. Davalos Group, Inc.*, Case No. 13 L 008616 (the "PI Case").

3.  Subsequently, on the Trustee's motion, this Court entered an order approving the Trustee's retention of Mr. Rapp on the terms previously agreed to by the Debtor (the "Retention Order"). On January 27, 2016, this Court entered an order approving the Trustee's retention of Robert R. Duncan as litigation counsel (the "Trustee's PI Counsel") in connection with the PI Case.

4.  After the retention of counsel, the Trustee substituted as the plaintiff in the PI Case.

5.  The Trustee's PI Counsel prosecuted the PI Case through fact and expert discovery and engaged in arm's length settlement discussions with the defendant Davalos Group, Inc. In consultation with the Trustee's PI Counsel, the Trustee agreed to settle the PI Case in exchange for a payment to the estate of $95,000 (the "Settlement"). On November 30, 2016, the Court entered an order approving the Settlement [Dkt. No. 46].

I.  **SERVICES PERFORMED**

   A.  **Administration**                                              **$302.50**

Counsel spent 1.00 hour at a cost of $302.50 on general case administration matters. This category encompasses all general case administration matters, including review of the Debtor's exemptions and investigation of tax obligations of the estate.

   B.  **Claims Review/Claims Objections**                             **$761.00**

Counsel spent 1.70 hours at a cost of $761.00 reviewing claims filed against the estate and performed an analysis of a potential distribution to creditors.

   C.  **Court Appearances**                                           **$1,180.00**

Counsel spent 3.00 hours at a cost of $1,180.00 preparing for and attending court hearings on motions to retain Trustee's counsel and Trustee's PI Counsel. FG requests allowance of 1.00

2

of additional time for review of the Trustee's Final Report and attendance at the hearing on the Trustee's Final Report and applications for compensation.

  **D. Personal Injury Claim**            **$6,206.50**

Counsel spent 15.40 hours at a cost of $6,206.50 in connection with the prosecution of the PI Case. FG conferred with the Trustee's PI Counsel regarding aspects of the case including the merits, the negotiation of medical lien claims and the negotiation of the Settlement. On November 30, 2016, this Court entered an order authorizing the Trustee to settle the PI Case for $95,000, allowing the Trustee to make a distribution to creditors.

  **E. Retention and Payment of Professionals**     **$3,278.50**

Counsel spent 9.70 hours at a cost of $3,278.50 preparing and filing motions to employ FG as the Trustee's counsel and the Trustee's PI Counsel. FG communicated with PI Counsel regarding the terms of its retention and the necessity of retaining additional litigation counsel. Additionally, FG reviewed fee statements and prepared its final fee application.

**II. ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

  A. <u>Micah R. Krohn</u> (MRK) is senior counsel at FG. Mr. Krohn graduated from the Cardozo School of Law in 1992 after serving as a Lieutenant in the United States Navy. Mr. Krohn served as a law clerk to the Hon. Erwin I. Katz from 1992-1994, and has represented trustees, creditors' committees, debtors and creditors for nearly 25 years.

  B. <u>Zane L. Zielinski (ZLZ)</u> was an associate at FG. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, and has represented trustees, debtors and creditors in bankruptcy cases. Mr. Zielinski now serves on the panel of Chapter 7 trustees in this district.

  C. <u>Reed Heiligman (RH)</u> is an associate at FG. Mr. Heiligman is a graduate of The John Marshall Law School where he served as Managing Editor of The John Marshall Law

Review. Mr. Heiligman regularly represents secured and unsecured creditors, creditors' committees and bankruptcy trustees.

D.  James Nowak (JN) Mr. Nowak is a graduate of The John Marshall Law School where he was the Administrative Editor of The John Marshall Law Review. Mr. Nowak externed for the Honorable Chief Judge Bruce Black for the Bankruptcy Court for the Northern District of Illinois and for the Office of the United States Trustee. Mr. Nowak works closely with the senior attorneys at FG on a variety of issues from trustee matters to the representation of secured and unsecured creditors.

E.  Michael H. Matlock (MHM) is a bankruptcy paralegal at FrankGecker LLP. A graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working in bankruptcy matters in debtor, creditor and trustee cases.

F.  Christina Smith (CSS) is a paralegal at FG. Ms. Smith assisted counsel with case research and case administration. Ms. Smith has worked as a paralegal specializing in bankruptcy for over fifteen years.

### III.  CALCULATION OF TIME AND FEES

9.  This is FG's First and Final Application for compensation and reimbursement of expenses in representing the Trustee in this case. It covers the period from May 31, 2013 to and including April 30, 2017. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services rendered for the benefit of the Trustee and the Debtor's bankruptcy estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

10.  As set forth in **Exhibit A** hereto, the attorneys and paralegals at FG have spent a total of 30.80 hours providing necessary legal services for the Trustee. FG requests compensation

4

in the amount of $11,728.50 for actual, necessary legal services performed, as itemized in Exhibit A. The blended hourly rate is $313.57. Additionally, counsel has expended the sum of $67.88 for actual, necessary expenses incurred in representing the Trustee, as itemized on page 10 of Exhibit A.

11.    In preparing this fee application, counsel has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts which are kept on each client. The hourly rates charged are the regular hourly rates charged by counsel to its clients. FG worked to avoid any duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

12.    FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing or photocopying; instead, such expenses are factored into counsel's normal and customary rate. FG does not include charges for long distance telephone, photocopying or computer research in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, FG's non-bankruptcy clients routinely are billed and pay these types of expenses. See *In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

13.    No compensation has been promised to counsel other than as disclosed or approved by this Court. FG certifies that there is no agreement between it and any other party regarding the

sharing of fees except with counsel's general partners, and counsel has not discussed or negotiated the amount of its fees with any party except its client. Finally, counsel represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

WHEREFORE, FrankGecker LLP, respectfully requests that this Court enter an Order:

A.  Allowing FrankGecker LLP final compensation for legal services provided to the Trustee in the amount of $11,728.50;

B.  Allowing FrankGecker LLP final reimbursement of expenses incurred in the amount of $67.88;

C.  Authorizing the Trustee to pay FrankGecker LLP total compensation in the amount of $11,796.38; and

D.  Granting such other relief as the Court deems just and equitable.

Dated: May 15, 2017

Respectfully submitted,

FRANKGECKER, LLP

By: /s/ Micah R. Krohn

Micah R. Krohn (6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:   (312) 276-1400
Facsimile:    (312) 276-0035
mkrohn@fgllp.com